UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMSTED RAIL COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22-cv-00445-AGF |
| | ) |
| HUM INDUSTRIAL TECHNOLOGY, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff Amsted Rail Company, Inc. ("Amsted") filed this action against its former director of research and development, Brent Wilson, and Wilson's newly formed competitor company, Hum Industrial Technology, Inc. ("Hum"). Amsted asserts claims of patent infringement with respect to three patents, trade secret misappropriation, tortious interference, and breach of contract.

The matter is now before the Court on Defendants' motion (ECF No. 55) to stay this case pending inter partes review ("IPR"). Defendants filed three petitions for IPR with the United States Patent Trial and Appeal Board ("PTAB"), seeking to invalidate the three patents at issue in this litigation in view of prior art that Defendants allege the United States Patent and Trademark Office ("PTO") did not consider before it issued the patents. For the following reasons, Defendants' motion will be granted and the entire case stayed pending final resolution of Defendants' three petitions for IPR.

## BACKGROUND

Amsted alleges that Wilson was a named inventor of two of the patents-in-suit and contributed significantly to the invention claimed in the third, all which were assigned to Amsted.  After he was terminated by Amsted, Wilson founded Hum.  Amsted alleges that Wilson misappropriated its trade secrets, in violation of his employment agreements, and used those trade secrets and Amsted's patented technology to develop, market, and sell products on behalf of Hum that infringe Amsted's above-noted patents.

Amsted filed this lawsuit on April 18, 2022, seeking monetary damages and injunctive relief.  Among Defendants' affirmative defenses are that each of the three patents is invalid.

The Court held a Rule 16 conference on October 21, 2022, and issued a Case Management Order ("CMO") the same day.  The CMO set deadlines for initial disclosures, preliminary infringement and invalidity contentions, claim construction proceedings, and mediation.  But by agreement of the parties, the CMO did not set any other deadlines for Amsted's patent or non-patent claims; rather, the Court ordered that such deadlines, including the close of fact discovery, expert discovery, dispositive motions, and trial, would be set following claim construction.  ECF No. 30.

A stipulated protective order governing discovery and an electronic discovery protocol were entered less than two months ago, on January 24, 2023.  To date, the parties have made initial disclosures, exchanged preliminary infringement and invalidity contentions, exchanged preliminary claim constructions, filed their joint claim construction chart, and made some document productions.  However, significant written

discovery has yet to be conducted, no depositions have been taken, required source-code review has not yet occurred, no claim construction briefs have been filed, and a *Markman* hearing has not yet been scheduled.  The parties participated in a Court-ordered mediation on January 26, 2023, but they were not successful in resolving their dispute.

On January 30 and 31, 2023, a few days after the unsuccessful mediation, Defendants filed their IPR petitions against Amsted's three asserted patents. [1]  Defendants filed this motion to stay shortly thereafter, on February 15, 2023.

Defendants argue that a stay is appropriate because the case is at an early stage, and a stay would simplify the case by avoiding the need to litigate most or many issues. Defendants argue that the entire case should be stayed because of the substantial overlap between the patent and non-patent claims, but alternatively request that at least the patent claims be stayed.  Defendants maintain that Amsted would not be unduly prejudiced by a stay because, although the parties are competitors, Defendants' accused products are still in the research and development phase and any harm to Amsted could be redressed by monetary damages and injunctive relief if Amsted prevailed in this action.

Although the PTAB has not yet decided whether to institute IPR, Defendants note that, by statute, it must make that decision within six months, or by August 14, 2023. Defendants argue that the PTAB is likely to institute IPR, and that if it does, it must by

---

[1] Defendants contend that they provided Amsted with courtesy copies of the IPR petitions in advance of the above-noted mediation, in order to facilitate settlement discussions.

statute issue a final decision within one year thereafter, such that the maximum duration of the stay is finite and limited to 18 months.

Amsted opposes a stay.  Amsted argues that pre-institution stays like the one requested here are disfavored because it is unclear whether the PTAB will ultimately institute IPR.  Further, Amsted contends that although discovery and claim construction are still at an early stage, the case has been pending for more than 10 months and the relative lack of progress in discovery is due to Defendants' delays and (according to Amsted) Defendants' feigned interest in settlement.  Amsted also disputes whether a stay would simplify the issues, noting that this case includes claims other than patent infringement and that Defendants have asserted defenses to patent infringement other than those raised in their IPR petitions.

As to Defendants' alternative request to stay only the patent claims, Amsted argues that such an approach "would only serve to introduce enormous inefficiencies and prolong the case unnecessarily" because it "would add unwarranted complication and very likely lead to increased motion practice and court supervision of the discovery process in view of the likely disputes between the parties whether specific discovery is subject to the partial stay or not." ECF No. 61-1 at 15.  Finally, Amsted argues that a stay would reward Defendants' delay tactics and would unduly prejudice Amsted because the parties are direct competitors and Amsted believes that Defendants have already launched pilot programs for their allegedly infringing products.[2]

---

[2]     Amsted also notes that Defendants have admitted infringement of at least one claim with respect to two of the patents at issue.  In response, Defendants contend that

4

## DISCUSSION

Federal courts have the inherent power to grant a stay pending IPR. *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008). While the decision to grant a stay is a matter within a district court's discretion, federal courts around the country "have often recognized a liberal policy in favor of granting motions to stay pending IPR." *Google LLC v. EcoFactor, Inc.*, No. 21-CV-03220-HSG, 2022 WL 6837715, at *2 (N.D. Cal. Oct. 11, 2022).

In determining whether to grant a stay in this context, courts generally consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage for the non-moving party. *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 2:13-cv-04160-NKL, 2014 WL 2511308, at *2 (W.D. Mo. June 4, 2014).

The Court first concludes that the motion to stay is not premature. While some courts have (as noted by Amsted) preferred to wait until the PTAB decides whether to institute IPR before granting a stay, others (as noted by Defendants) have granted stays before the PTAB instituted IPR, and the Federal Circuit has "express[ed] no opinion on which is the better practice." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307,

---

after consulting with an expert, they intend to serve supplemental preliminary counter-infringement contentions denying infringement of one of these claims. In any event, they contend that any preliminary admission of infringement demonstrates the importance of their invalidity arguments and the resolution of their IPR petitions asserting such invalidity.

1315-16 (Fed. Cir. 2014) (citing cases on both sides).  Therefore, the Court will turn to the factors listed above to determine whether the circumstances of this case warrant a stay, and if so, what that stay should entail.  The PTAB will decide whether to institute IPR in approximately four months, 35 U.S.C. §§ 313, 314(b), and if the PTAB decides not to institute IPR, such a short stay (particularly given the state of the proceedings, as discussed below) will not have prejudiced Amsted.

Upon careful consideration of the parties' arguments in light of the relevant factors, the Court concludes that a stay is appropriate in this case.  The first two factors weigh in favor of a stay, and the third factor is either neutral or weighs only slightly against the stay.  Further, in light of the significant overlap between Amsted's patent and non-patent claims and the nature of the discovery with respect to both, the Court will stay the entire case, including Amsted's non-patent claims.

1. **Stage of the Case**

Regarding the first factor, discovery and claim construction are still at very early stages, having only begun within the last three months; no depositions have been taken; and neither a *Markman* hearing nor a trial date has been set.  Indeed, the bulk of fact and expert discovery, as well as the majority of the claim construction proceedings, still lie ahead.  Therefore, the first factor weighs strongly in favor of a stay.  *See, e.g.*, *Sec. People, Inc. v. Ojmar US, LLC*, No. 14-CV-04968-HSG, 2015 WL 3453780, at *2 (N.D. Cal. May 29, 2015) (finding the first factor weighed heavily in favor of a stay where "[v]irtually all the activity in this action (*e.g.,* the filing of the answer and counterclaims, the first case management conference, service of SPI's infringement contentions) has

6

occurred in the last three months"); *Inteplast Grp., Ltd. v. Coroplast, Inc.*, No. 4:08-CV-1413 CAS, 2009 WL 1774313, at *2 (E.D. Mo. June 23, 2009) ("A stay is particularly appropriate in cases in the initial stages of litigation where there has been little discovery.").

### 2. Simplification of the Issues

IPR will resolve some or most of the patent issues in this case if the claims are invalidated. And if the patent claims survive, IPR will still significantly narrow the litigation because Defendants will be subject to statutory estoppel, precluding them from asserting invalidity in this lawsuit "on any ground that [they] raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2).[3] "This critical limitation results in a more streamlined litigation and reduces the likelihood of inconsistent judgments." *PersonalWeb Tech., LLC v. Google, Inc.*, No. 5:13–cv–1317–EJD, 2014 WL 4100743, at *5 (N.D. Cal. Aug. 20, 2014).

Amsted argues that a stay would not simplify the issues because whether the PTAB will institute IPR remains speculative and because issues unrelated to the IPR will remain with respect to both the patent and non-patent claims. As to Amsted's first argument, as noted above "it is not uncommon for courts to grant stays before the PTAB has decided whether to institute IPR." *ZeaVision, LLC v. Bausch & Lomb Inc.*, No. 4:21

---

[3]    Although this statutory estoppel takes effect after a final decision is issued by the PTAB, 35 U.S.C. § 315(e), Defendants have offered to stipulate that the estoppel in this case would take effect sooner, immediately upon institution of IPR on any of the three patents.

7

CV 739 RWS, 2022 WL 715013, at *3 (E.D. Mo. Mar. 10, 2022).  Moreover, the deadline for that determination is just a few months away.

The Court also believes that IPR, if instituted, is likely to substantially simplify the issues with respect to the patent infringement claims.  If IPR invalidates some or all of the patent claims, the need for claim construction may be avoided entirely (and if already done, will have been a significant waste of resources).  But even if all of the patent claims survive, the Court may benefit from the "expert opinion of the PTO and clarifying the scope of the claims." *Intellectual Ventures*, 2014 WL 2511308, at *2.  Accordingly, the second factor weighs decisively in favor of staying at least the patent infringement claims.

A stay of the non-patent claims presents a closer question.  However, as Amsted acknowledges, the patent and non-patent claims are factually intertwined, even if based on independent legal grounds.  It is precisely because of this overlap that the parties agreed during the Rule 16 conference to delay the disclosure of expert witnesses and the filing of case-dispositive motions with respect to both the non-patent and patent claims until the patent claims proceeded through claim construction.  Indeed, Amsted admits that "[s]taying the patent counts would only serve to introduce enormous inefficiencies and prolong the case unnecessarily" because it would lead to "likely disputes between the parties whether specific discovery is subject to the partial stay or not."  ECF No. 62 at 10.

Faced with such factually overlapping patent and non-patent claims, federal courts have frequently concluded that "considerations of judicial efficiency and the orderly course of justice favor a complete stay." *Cywee Grp. Ltd. v. HTC Corp.*, No. C17-

8

0932JLR, 2019 WL 3860303, at *7 (W.D. Wash. Aug. 16, 2019); *see also Armor All/STP Prod. Co. v. Aerospace Commc'ns Holdings Co.*, No. 6:15-CV-781, 2016 WL 6397269, at *4 (E.D. Tex. Oct. 28, 2016) ("The significant benefit in the form of simplification of the patent issues flowing from the *inter partes* review outweighs the potential lack of simplification for the non-patent claims."). Accordingly, on balance, the Court concludes that the second factor weighs in favor of a stay, and the stay should apply to all claims.

### 3. Undue Prejudice

The third factor is neutral or weighs only slightly against a stay. Although competition between the parties is a consideration when weighing this factor, it is not dispositive. *ZeaVision*, 2022 WL 715013, at *4 ("[I]t is not uncommon for courts to find that the third factor does not weigh against a stay despite the parties' relationship as direct competitors."). Further, "money damages and a permanent injunction are ordinarily adequate to remedy the harm caused by infringement, including loss of sales and market share." *Id.* (citation omitted). Particularly in this case, where the parties apparently agree that the accused products are still in the research and development phase, the Court finds that the parties' relationship as competitors does not significantly shift the balance of the factors.

Likewise, the Court is not convinced that Defendants have demonstrated a dilatory motive or that a stay would put Amsted at a clear tactical disadvantage. It was not unreasonable for Defendants to wait until after the parties attempted to resolve their dispute in mediation before filing their IPR petitions, and they promptly filed the

9

petitions and this motion to stay when mediation was unsuccessful.[4]  Although a stay will undoubtedly cause some delay, "[t]he mere potential for delay . . . is insufficient to establish *undue* prejudice." *Intellectual Ventures*, 2014 WL 2511308, at *3 (emphasis in original).

Finally, while not dispositive, Amsted's decision not to seek a preliminary injunction in this case "tends to suggest that any prejudice that might result from a stay is not as severe as it contends." *ZeaVision*, 2022 WL 715013, at *5; *see also VirtualAgility*, 759 F.3d at 1319 ("[T]he fact that it was not worth the expense to ask for [a preliminary injunction] contradicts [plaintiff's] assertion that it needs injunctive relief as soon as possible.").  The Court thus concludes that the third factor is neutral or, at most, weighs only slightly against a stay.

## CONCLUSION

On balance, the Court concludes that a stay of all proceedings pending final resolution of Defendants' petitions for IPR is appropriate.  Should the PTAB decide to institute IPR on any of Defendants' petitions, the stay shall continue until the PTAB issues its last final written decision.

Accordingly,

---

[4]  Further, the ADR compliance report prepared by the mediator in this case indicates that all parties participated in good faith.  ECF No. 59.  And there has been no motion to compel or other motion practice by Amsted suggesting that Defendants' have improperly delayed discovery.

**IT IS HEREBY ORDERED** that Defendants motion to stay pending inter partes review is **GRANTED**. ECF No. 55. This case is **STAYED** pending final resolution of Defendants' three petitions for inter partes review.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report within **seven days** of the issuance of any United States Patent Trial and Appeal Board's decision as to whether it will institute *inter partes* review on any of the patents at issue, informing the Court of the decision.

**IT IS FURTHER ORDERED** that within **seven (7) days** following final resolution of Defendants' petitions for inter partes review, Defendants shall file an appropriate motion as to lifting of the stay and the parties shall submit a joint proposed schedule for the remainder of this litigation.

**IT IS FURTHER ORDERED** that all other pending motions are **DISMISSED without prejudice** to refiling, if appropriate, upon lifting of the stay, and this case shall be deemed closed for statistical purposes only, subject to reopening upon lifting of the stay herein imposed or other appropriate Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2023.